782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LAWRENCE B. STEPHENS, Plaintiff-Appellant
v.
JAMES E. WORD, MICHAEL T. BRUNNER, WAYNE K. SCHARBER, JOE A.
COVINGTON, EARL C. LEMING, AND JAMES I. SWART,
Defendants-Appellees.
 84-5932
 United States Court of Appeals, Sixth Circuit.
 12/10/85
 
 ORDER
 BEFORE: ENGEL and KENNEDY, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this action under 42 U.S.C. Sec. 1983, plaintiff seeks redress from the named individuals for alleged deprivation of constitutionally protected rights. Specifically, plaintiff claims that defendants, in attempting to force plaintiff to resign from his position with the Tennessee civil service, deprived him of property and liberty interests without due process of law. The district court dismissed the action and subsequently denied a motion for a new trial. Plaintiff has appealed. On appeal, the parties have briefed the issues.
 
 
 3
 Upon consideration, we affirm. 'Section 1983 was not meant to supply an exclusive federal remedy for every alleged wrong committed by state officials. Rather, the statute is a remedy for only those wrongs which offend the Constitution's prohibition against property deprivations without procedural due process.' Vicory v. Walton, 721 F.2d 1062, 1065 (6th Cir. 1983). 'Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.' Board of Regents v. Roth, 408 U.S. 564, 577 (1972). We have examined Tennessee's civil service laws--the 'existing rules' which define plaintiff's constitutionally cognizable property interest in his employment--and hold that, even assuming the veracity of plaintiff's complaint, he has alleged no deprivation of a property interest actionable under Sec. 1983. Neither his job classification nor his salary has been affected by the claimed actions of the defendants. He has been transferred to another position in the same class or rank as permitted by law. Tennessee Code Annotated Sec. 8-30-318. He does not allege that he has been dismissed, demoted, transferred to another country, suspended, or laid off without being afforded an administrative hearing. Tennessee Code Annotated Sec. 8-30-327.
 
 
 4
 To the extent that plaintiff alleges deprivation of aconstitutionally protected liberty interest, his claim must also fail. Mere defamatory statements by state officials, absent the deprivation of other constitutionally protected interests, will not state a claim under Sec. 1983. Paul v. Davis, 424 U.S. 693 (1976).
 
 
 5
 It appearing therefore that the question on which decision of the cause depends is so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 6
 It is ORDERED that the final order of the district court be and it is hereby affirmed.